UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BARTHOLOMEW JONES,

          Plaintiff,

v.

KING COUNTY, *et al.*,

          Defendants.

Case No. C18-0914-RSL-MAT

ORDER DENYING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY

This is a civil rights action proceeding under 42 U.S.C. § 1983. This matter comes before the Court at the present time for consideration of a document which plaintiff identifies as an "Objection and New Request for Discovery" but which is, in effect, a motion to compel discovery. Defendant has filed a response to plaintiff's motion. The Court, having considered plaintiff's motion, and the balance of the record, hereby finds and ORDERS as follows:

    (1)    Plaintiff's motion to compel discovery (Dkt. 20) is DENIED. Plaintiff asserts in his motion that defendants, in their responses to his discovery requests, have doctored records to hide unwanted information, have provided irrelevant information, and have blatantly disregarded some of his requests. (*See id*. at 1-2.) Defendants argue in their response to plaintiff's motion that the motion should be denied because plaintiff failed to meet and confer in an effort to resolve the

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 1

discovery dispute without court action. (Dkt. 21 at 3-4.) Defendants further argue that they properly, and in good faith, responded to plaintiff's first two discovery requests and that they intend to respond to plaintiff's most recent request, which was set forth in plaintiff's motion papers, in a timely fashion. (*Id*. at 4-5.)

Rule 37(a)(1) of the Federal Rules of Civil Procedure requires that a party seeking to compel discovery include in the motion a certification that the moving party "has in good faith conferred or attempted to confer" with the party failing to make disclosures. *See* Fed. R. Civ. P. 37(a)(1). LCR 37(a)(1)(A) provides that "a good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." Plaintiff, in his reply brief, argues that because he made three timely discovery requests in an effort to obtain full discovery, he should be deemed to have satisfied the requirements of LCR 37. (Dkt. 22 at 1.) Plaintiff also notes that defendants acknowledged in their response to his motion that he had been trying to obtain information from them in accordance with Fed. R. Civ. P. 26. (*Id*. at 1-2.) This is an apparent reference to a telephone conference which took place between plaintiff and counsel for defendants on September 20, 2018 during which discovery matters were discussed. (*See* Dkt. 21 at 3-4.)

The record makes clear that plaintiff did not comply with the meet and confer requirement prior to filing his motion. Filing multiple discovery requests does not constitute compliance with the LCR 37 meet and confer requirement. And, while it is true that the parties conferred via telephone regarding discovery matters, this telephone conference took place prior to the date defendants' discovery responses were due and, thus, before defendants were aware of plaintiff's dissatisfaction with their responses. It appears from the parties' motion papers that defendants did not become aware that plaintiff was dissatisfied with their responses to his discovery requests until

ORDER DENYING PLAINTIFF'S MOTION
TO COMPEL DISCOVERY - 2

he filed the instant motion. It further appears that if plaintiff had attempted to meet and confer as the rules require, this motion may not have been unnecessary. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 37(a)(1) and LCR 37(a)(1)(A), his motion to compel is denied.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendant, and to the Honorable Robert S. Lasnik.

Dated this 2nd day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge